897 P.2d 734

**STATE of Arizona, Respondent,**

v.

**Richard Lewis JONES, Petitioner.**

Nos. 1 CA–CR 94–0914–PR,
1 CA–CR 94–0915–PR.

Court of Appeals of Arizona,
Division 1, Department A.

May 4, 1995.

As Corrected May 31, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for respondent.

Richard Lewis Jones, Florence, in pro. per.

OPINION

GRANT, Judge.

**FACTS AND PROCEDURAL HISTORY**

On June 2, 1993, Richard Lewis Jones ("Petitioner") was convicted by a jury of eight counts of Sexual Assault, a class 2 felony, a dangerous crime against children in the first degree, in CR 92–08919 and sentenced by the court to eight consecutive 25 year prison terms. Petitioner's probation in CR 92–02303 was also revoked, and he was

---

* The Honorable Christopher Skelly, Judge Pro Tempore was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to the Ari-

zona Constitution, article VI, section 3, and Arizona Revised Statutes Annotated sections 12–145 to –147.

sentenced to 1.5 years in prison to run consecutively to terms imposed in CR 92–08919. On June 14, 1993, Petitioner filed a notice of appeal from both cause numbers. On July 24, 1993, Petitioner also filed notice of post-conviction relief from both cause numbers. On October 24, Petitioner filed a motion to dismiss his petition, which was granted by the trial court. In his motion, Petitioner stated that he wished to proceed with his appeal and that, if necessary, he would file a notice of post-conviction relief after the appeal. Another motion to dismiss the petition for post-conviction relief was filed by Petitioner's counsel on November 18. The trial court dismissed the petition on December 7. Then on November 2, 1994, while his appeal was still pending, Petitioner filed a second notice of post-conviction relief. On November 18, 1994, the trial court dismissed this notice as untimely, but stated that Petitioner would have "a renewed opportunity to file a Notice within thirty (30) days of the issuance of the mandate if his conviction is affirmed." Petitioner has filed this Petition for Review challenging the trial court's dismissal of his notice of post-conviction relief as untimely.

### DISCUSSION

In finding Petitioner's notice of post-conviction relief untimely, the trial court stated:

Defendant has filed a Notice of Post–Conviction Relief. He was sentenced on 06/02/93 after conviction in a trial by jury. Rule 32.4(a) of the Rules of Criminal Procedure requires that the Notice be filed within ninety days of the entry of judgment and sentence. Defendant's Notice is untimely and is therefore summarily dismissed. None of the items checked in the laundry list of grounds of relief defendant attached to his notice fit the exceptions noted in rule 32.4(a) as to the timeliness requirement.

The Court notes defendant's case is still pending appeal. Defendant will have a renewed opportunity to file a Notice within thirty (30) days of the issuance of the mandate if his conviction is affirmed. The Court further notes that a previous Notice was dismissed on defendant's motion on 12/07/93.

Prior to 1992, a defendant could file a notice of post-conviction relief "at any time

after entry of judgment and sentence." Ariz. R.Crim.P. 32.4(a) (amended 1992). In 1992, the Arizona Supreme Court amended 32.4(a) by adding time limits for specific claims in non-capital cases and automatic filing of notice in capital cases. Rule 32.4(a) now states in part:

In a non-capital case, the notice must be filed within ninety days of the entry of judgment and sentence or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is the later. In a capital case, the clerk of the Supreme Court shall expeditiously file a notice for post-conviction relief with the trial court upon the issuance of a mandate affirming the defendant's conviction and sentence on direct appeal.

■ The trial court's ruling necessarily implies the following interpretation of Rule 32.4(a) in non-capital cases: when a defendant has an appeal pending, his right to file a notice of post-conviction relief is suspended 90 days after the conviction until his conviction and sentence are affirmed on appeal and a mandate has issued from the appellate court. Petitioner, on the other hand, argues that Rule 32.4(a) should be interpreted to permit a defendant with an appeal pending to file notice of post-conviction relief at any time before 30 days after the mandate in his appeal has been issued by the appellate court.

The express language of Rule 32.4(a) supports Petitioner's position. The rule establishes two time deadlines: one 90 days after conviction and another 30 days after conclusion of the direct appeal. However, the final phrase, "which ever is the later," suggests that both deadlines are to be used in computing a single final deadline. There is no language in the rule suggesting that the right to file a petition should be suspended at anytime during this period. Furthermore, the phrase "which ever is the later" would be superfluous to such an interpretation. *See State v. Arthur*, 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980) (holding that, whenever possible, statutes should be interpreted such that no clause is rendered superfluous or insignificant). It is true that, in cases where there is an appeal pending, the final deadline will be unknown until the appeal is resolved

and the mandate has issued. However, this in no way implies that the right to file is suspended until the final deadline becomes known.

■ The Arizona Supreme Court's intent in amending Rule 32 also supports Petitioner's interpretation. The supreme court amended Rule 32.4(a) to address potential abuse by defendants caused by the old rule's unlimited filing periods. *Krone v. Hotham,* 181 Ariz. 364, 364–366, 890 P.2d 1149, 1149–51 (March 7, 1995). The precise type of abuse the supreme court was trying to curb is material to the present case. The state's position would be bolstered if the court intended either to limit concurrent review or to reserve the 30 day period after resolution of the direct appeal for claims arising out of the appeal, such as ineffectiveness of appellate counsel. On the other hand, Petitioner's interpretation would be supported if the court's only intent was to prevent unnecessary delay by ensuring a final resolution to a case within 90 days of conviction or within 30 days of the resolution of the appeal if there is one.

To our knowledge, the Arizona Supreme Court has never articulated the type of abuse it was trying to prevent in amending Rule 32.4(a) for non-capital cases. Recently, in *Krone,* the Arizona Supreme Court explained its reasons for adding the automatic filing procedure to Rule 32.4 for capital cases. The court held that Rule 32.4(a) does not preclude a defendant under sentence of death from filing a notice of post-conviction relief before his direct appeal is concluded. 181 Ariz. at 365, 890 P.2d at 1150. The court reasoned that Rule 32.4(a) was amended to include the automatic filing procedure to prevent *unwarranted delay* caused by defendants who "would often wait nearly until the eve of [their] scheduled execution to file a Rule 32 petition, at which time the superior court would stay the execution without any review by this court." *Id.*

Because the supreme court amended Rule 32.4(a) to prevent unwarranted delay in the final resolution of capital cases, we infer the same intent for non-capital cases. Suspending a defendant's right to file notice of post-conviction relief during the pendency of an appeal would not contribute to that end. Furthermore, suspending the right to file notice of post-conviction relief is inapposite to the goal of providing a defendant with speedy relief for those claims which are not proper for direct appeals since "an early Rule 32 proceeding could make consideration of the direct appeal moot and could hasten the start of a new trial or other resolution of the case." *Id.,* 181 Ariz. at 366, 890 P.2d at 1151.

■ We therefore accept jurisdiction and grant relief by vacating the trial court's order dated November 18, 1994, dismissing Petitioner's notice of post-conviction relief as untimely and remand this case to the trial court for proceedings consistent with this decision. We also conclude that Petitioner's request to dismiss his first notice of post-conviction relief and his statement that he may file a second notice after his appeal are not material to our resolution here. For purposes of calculating Rule 32 time limitations, the filing date of this decision shall be considered the date of reinstatement of the second notice of post-conviction relief.

FIDEL, P.J., and GARBARINO, J., concur.