# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL D. BRAMBLES,
            *Petitioner-Appellant,*

v.

W. A. DUNCAN, Warden; C. A.
TERHUNE, Director, California
Department of Corrections,
            *Respondents-Appellees.*

No. 01-55716

D.C. No.
CV-00-08180-
MMM

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
September 12, 2002—Pasadena, California

Filed June 17, 2005

Before: David R. Thompson, Johnnie B. Rawlinson, Circuit
Judges, and William W Schwarzer,* Senior District Judge.

Opinion by Judge Thompson

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

## COUNSEL

Kenneth M. Stern, Woodland Hills, California, for the petitioner-appellant.

Lawrence M. Daniels, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

## OPINION

THOMPSON, Senior Circuit Judge:

Michael D. Brambles appeals the district court's dismissal of his habeas corpus petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

Brambles filed an earlier petition that was timely, but it included one exhausted and two unexhausted claims. The district court told Brambles he could either dismiss the unexhausted claims or dismiss the whole petition "without prejudice to any right [he] may have to file a new petition once available state remedies are exhausted as to all claims." The court also warned Brambles, who was then pro se, that "recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed." In fact, the one-year period within which to file a federal petition had already expired by the time the district court made this ruling. Thus, if Brambles dismissed his petition, his right to seek federal habeas review would be lost unless he could establish equitable tolling.[1] *See Tillema v. Long*, 253 F.3d 494, 503-04 (9th Cir. 2001) (en banc).

Relying on what the district court told him, and unfamiliar with the consequences of dismissing his timely petition in its entirety, Brambles chose to have the entire petition dismissed without prejudice. He then went back to state court, exhausted his two unexhausted claims, and thereafter returned to federal court where he filed his present petition which includes all three claims. The district court dismissed the petition with prejudice, finding that it was time-barred.

---

[1] It is undisputed that the one-year period was not extended by statutory tolling. 28 U.S.C. § 2244(d)(2).

Brambles appealed to this court, and we reversed the district court. *Brambles v. Duncan*, 330 F.3d 1197 (9th Cir. 2003). The Supreme Court granted certiorari, and in *Adams v. Brambles*, 124 S. Ct. 2903 (2004), vacated our judgment, and remanded the case to us to decide it consistent with the Court's decision in *Pliler v. Ford*, 124 S. Ct. 2441 (2004). We obtained further briefing from the parties, have withdrawn our prior opinion, and now render this decision.

We affirm the district court's dismissal. We conclude that while the court failed to inform the pro se Brambles of all of the consequences of having his entire petition dismissed, the court did not actively mislead Brambles, and no extraordinary circumstances existed beyond his control that would account for his failure to timely file.

## I. JURISDICTION

The district court had jurisdiction to consider Brambles's habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction to review the district court's dismissal of the petition pursuant to 28 U.S.C. §§ 1291 and 2253.

## II. BACKGROUND

On July 11, 1996, a jury convicted Brambles in California Superior Court of several crimes including forcible rape, robbery, and assault with a firearm. The trial court sentenced him to 102 years in prison. Brambles appealed to the California Court of Appeal, which affirmed both his conviction and sentence. The California Supreme Court denied review on September 2, 1998. Brambles did not file a petition for certiorari with the United States Supreme Court.

On June 29, 1999, Brambles timely filed, pro se, a habeas corpus petition ("first petition") in the United States District Court for the Central District of California. Two of the three claims asserted in that petition were unexhausted. The district

court, on December 13, 1999, twelve days after the AEDPA's one-year statute of limitations had expired, ordered Brambles to:

> choose one of the following options [by December 31, 1999]:
>
> 1. Dismiss Grounds one and two, the unexhausted claims. (If petitioner chooses this option he will have to obtain authorization from the [Federal] Court of Appeals before filing another petition, pursuant to 28 U.S.C. § 2244.)
>
> 2. Request this Court to dismiss the current petition without prejudice to any right petitioner may have to file a new petition once available state remedies are exhausted as to all claims. (**Petitioner is cautioned that recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed.**) (emphasis in original).

On December 27, 1999, Brambles made his choice. He requested that "the court grant petitioner option #2[.]" Pursuant to that request, on January 20, 2000, the district court dismissed the entire first petition "without prejudice." On April 11, 2000, Brambles filed, pro se, a habeas corpus petition in the California Supreme Court. On June 28, 2000, the California Supreme Court summarily denied the petition. Having exhausted his state remedies, Brambles returned to federal court and on July 31, 2000 filed, pro se, his present habeas petition ("second petition"). He asserted the same three claims in his second petition that he had asserted in his first petition.

The state contended the second petition was time-barred under the AEDPA's one-year statute of limitations. Brambles argued the second petition was timely because the district court had misleadingly offered him the option of dismissing his first petition without prejudice. A magistrate judge,

assuming Brambles was contending the limitations period should be equitably tolled, recommended that equitable tolling did not apply and thus the second petition was untimely. The district court adopted the magistrate judge's recommendation, and dismissed the second petition with prejudice as time-barred.

Brambles filed a notice of appeal and applied for a certificate of appealability ("COA"). The district court denied that request, but this court issued a COA on the following issue: "Was the [second] petition timely filed?"

## III. STANDARD OF REVIEW

We review de novo the dismissal of Brambles's second petition as time-barred. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001). If the facts underlying a claim for equitable tolling are undisputed, as they are here, we also review de novo whether the statute of limitations should be equitably tolled. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

## IV. DISCUSSION

[1] The AEDPA requires state prisoners to seek federal habeas corpus relief within one year after their convictions become final. 28 U.S.C. § 2244(d). Brambles's conviction became final on December 1, 1998, ninety days after the California Supreme Court denied his petition for direct review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("hold[ing] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Because the one-year limitations period began to run on the next day, and no period of statutory tolling intervened, Brambles's federal habeas petition would have been untimely if filed after December 1, 1999. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th

Cir. 2002). Brambles timely filed his first federal habeas petition on June 29, 1999, but, as stated above, that petition was dismissed. He did not file his second petition until July 31, 2000. Thus, Brambles's second petition is time-barred unless the statute of limitations is equitably tolled.

**[2]** The one-year statute of limitations prescribed in the AEDPA may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles*, 187 F.3d at 1107. Brambles contends the district court's instructions were misleading and therefore constituted extraordinary circumstances beyond his control. We disagree. We conclude that while the district court failed to advise Brambles of the likely consequences of his procedural options, the instructions presented accurate options available to Brambles and were not affirmatively misleading.

**[3]** Our conclusion is compelled by the Supreme Court's recent decision in *Pliler v. Ford*, 124 S. Ct. 2441 (2004). In that case, the pro se petitioner Ford had timely filed a mixed petition before expiration of the one-year limitations period prescribed by the AEDPA. After the statute of limitations had run, the district court informed Ford he could either delete his unexhausted claims or dismiss the petition without prejudice, return to state court, and exhaust the unexhausted claims. Ford elected to dismiss his petition without prejudice and return to state court. He did so, and then when he returned to federal court, the district court dismissed his second petition with prejudice as time-barred. The Supreme Court held that a district court does not commit prejudicial error when it fails to inform a pro se prisoner (1) as to what he would have to do, procedurally, to invoke the district court's stay and abey procedure,[2] and (2) that absent equitable tolling, his federal

---

[2]With the stay and abey procedure, "a district court may, in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the

claims would be time-barred on his return to federal court. *Pliler*, 124 S. Ct. at 2446. The Court stated that "[r]equiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decision-makers," and would "force upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation" of the applicable AEDPA limitations period. *Id.* The Court remanded for a determination whether the petitioner "had been affirmatively misled quite apart from the district court's failure to give the two warnings." *Id.* at 2447; *see also id.* at 2448 (O'Connor, J., concurring) ("Nevertheless, if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate. This is a question for the Ninth Circuit to consider on remand.").

**[4]** Consistent with the Court's decision in *Pliler*, the sole issue before us is whether Brambles was affirmatively misled by the district court's instructions. The district court affirmatively told Brambles to choose between two alternatives — dismiss his unexhausted claims and proceed in federal court only with his then-exhausted claim, or request the district court to dismiss the entire petition without prejudice and exhaust his then-unexhausted claims in state court before returning to federal court. These instructions were not affirmatively misleading. They presented accurate options available to Brambles. *See* 28 U.S.C. § 2244(d)(1); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *James*, 269 F.3d at 1126-27. If anything was misleading, it was what the district court did not tell Brambles — that the dismissal of his first petition would effectively be final unless he could establish that the statute

---

unexhausted claims are exhausted, and then allow the petitioner to amend the stayed petition to add the now-exhausted claims." *James v. Pliler*, 269 F.3d 1124, 1126-27 (9th Cir. 2001) (citing *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998), *cert. denied*, 525 U.S. 920 (1998)); *see also Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003).

of limitations period was equitably tolled, and that the stay and abey process was available. However, the Supreme Court in *Pliler* admonished district courts against attempting to explain to pro se litigants these federal habeas procedures, stating that attempting to do so might prove to be misleading. *Pliler*, 124 S. Ct. at 2446.[3]

## V.   CONCLUSION

**[5]** In light of *Pliler v. Ford*, we conclude Brambles was not affirmatively misled by the district court, and equitable tolling is not available to him. We affirm the district court's judgment dismissing Brambles's refiled petition as time-barred under the AEDPA.

AFFIRMED.

---

[3]Brambles contends his case can be distinguished from *Pliler v. Ford*. He argues that, without solicitation, the district court advised him of the procedure of dismissing, then refiling his petition. Hence, he claims he was misled more than the petitioner in *Pliler*. We disagree.

In both *Pliler* and here, the respective petitioner was provided the same procedural options. In both cases, the petitioner chose to dismiss his entire petition without prejudice. Aside from the fact that, prior to the district court describing the two options, the petitioner in *Pliler* had moved to stay his mixed petitions while he exhausted the then-unexhausted claims in state court, the situations faced by the respective petitioners were essentially the same.