**Roberto DOMINGUEZ, Petitioner— Appellant,**

**v.**

**Robert HILDRETH, Respondent— Appellee.**

**No. 03–15709.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

Roberto Dominguez, Indian Springs, NV, pro se.

Lawrence D. Wishart, Esq., Reno, NV, for Petitioner—Appellant.

Victor Hugo Schulze, II, Esq., AGNV— Office of the Nevada Attorney General,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Las Vegas, NV, for Respondent—Appellee.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Roberto Dominquez appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his Nevada convictions for conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. The district court dismissed the petition as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253, review the dismissal de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and affirm.

■ Dominquez argues that his present habeas petition was timely filed because the district court failed to advise Dominquez before dismissing the first habeas petition that (1) he could request a stay and abeyance and (2) the statute of limitations would bar all claims if he chose to dismiss the first habeas petition because the limitations period had expired while the first federal petition was pending. These arguments are foreclosed by *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). The district court was not required to calculate the statute of limitations to resolve the mixed petition, to advise Dominquez that he could stay the case, or to advise Dominquez that the statute of limitations had expired. *Id.* at 2445–47; *see also Brambles v. Duncan,* 412 F.3d 1066, 1070–1071 (9th Cir.2005).

Dominquez also argues that the order for the first petition was misleading as the district court inaccurately predicted that statutory tolling applied to the federal petition. Equitable tolling could apply if the district court affirmatively misled Dominquez. *Cf. Ford,* 124 S.Ct. at 2447 (remanding "for further proceedings given the Court of Appeals' concern that respondent had been affirmatively misled quite apart from the District Court's failure to give the two warnings"). However, even if equitable tolling applied for the time the first petition was pending, the habeas petition still would be untimely.

■ Dominquez also argues that the district court should have equitably tolled the limitations period because Dominquez has marginal English skills and the prison law library is inadequate. To establish equitable tolling, Dominquez must show that an "extraordinary circumstance stood in his way" and that he "pursu[ed] his rights diligently." *Pace v. DiGuglielmo,* — U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *accord Miles,* 187 F.3d at 1107. Dominquez's claim fails because he has not alleged or established a causal link between his marginal English skills or his limited access to the law library and his inability to file a timely federal petition. Moreover, he cannot establish diligence. Even though the district court warned Dominquez that he did not have enough time to return to state court to file a second federal petition, Dominquez waited 141 days after the last state court proceedings were final before he filed his second federal petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.