**Ruben Antonio BANUELOS, Petitioner–Appellant,**

v.

**M. YARBOROUGH, Warden, Respondent—Appellee.**

No. 05–15883.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Ruben Antonio Banuelos, Ione, CA, pro se.

Brian Means, Mary J. Graves, Office of the California Attorney General, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ****

Ruben Antonio Banuelos, a California state prisoner, appeals pro se from the district court's denial on untimeliness grounds his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Brambles v. Duncan,* 412 F.3d 1066, 1069 (9th Cir. 2005), and we affirm.

Banuelos claims entitlement to equitable tolling during the time which, he alleges, his attorney unreasonably delayed filing his state court habeas petitions. However, the district court granted statutory tolling for this time period, so his contention is rejected as unnecessary.

We also reject Banuelos's contention that his attorney's failure to return parts of his casefile prevented him from timely filing his petition, as substantially similar materials were available to him well before the deadline ran. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001) (holding petitioner must show that extraordinary circumstances were the but-for and proximate cause of his untimeliness). Accordingly, the district court properly dismissed his petition as time-barred.

To the extent that Banuelos raises uncertified issues, we construe it as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.