Charles Edward **WHITE**, Jr.,
Petitioner—Appellant,

v.

Dora B. **SCHRIRO**, et al.,
Respondents—
Appellees.

No. 04–17430.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2006.*

Decided Feb. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, Charles Edward White, Jr., Arizona State Prison, Buckeye, AZ, for Petitioner—Appellant.

Alan L. Amann, State of Arizona Attorney General Office, Phoenix, AZ, for Respondents—Appellees.

Before: ALARCÓN and MCKEOWN, Circuit Judges, and HOLLAND,** Senior District Judge.

## MEMORANDUM ***

Arizona state prisoner Charles Edward White, Jr. appeals the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ "We review the dismissal of a habeas petition on statute of limitations grounds de novo." *Herbst v. Cook,* 260 F.3d 1039, 1042 (9th Cir.2001). The one-year statute of limitations for the filing of a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). The district court did not err in determining that White's first petition for post-conviction relief ceased to be pending on June 15, 2000. Neither of the two cases relied on by White, *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (1995), and *State v. Pruett,* 185 Ariz. 128, 912 P.2d 1357 (1995), support his contention that an Arizona post-conviction proceeding remains pending until the court of appeals issues a mandate.

■ The district court also did not err in determining that White was not entitled to equitable tolling. "If the facts underlying a claim for equitable tolling are undisputed, as they are here, we also review de novo whether the statute of limitations should be equitably tolled." *Brambles v. Duncan,* 412 F.3d 1066, 1069 (9th Cir. 2005). "The one-year statute of limitations

** The Honorable H. Russel Holland, Senior District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prescribed in the AEDPA may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Id.* (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999)). White points to two circumstances that he contends are extraordinary and made it impossible for him to file his petition on time: 1) the Arizona Court of Appeals, in its April 3, 2003 letter, represented that the end of the statutory tolling period was July 12, 2000, not June 15, 2000, and 2) he never received a copy of the final order or mandate from the Arizona Court of Appeals denying his second petition for post-conviction relief. Neither of these two events qualify as an extraordinary circumstance that would have made it impossible for White to timely file his § 2254 petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.