John Fitzgerald TATUM, Petitioner—Appellant,

v.

Gail LEWIS, Warden, Respondent—Appellee.

Nos. 03–16000, 03–16637.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Decided June 15, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Fitzgerald Tatum, Coalinga, CA, pro se.

Matthew Loren Cate, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

John Tatum appeals the district court's dismissal of his second petition for a writ of habeas corpus as untimely. We affirm the decision of the district court.

In *Pliler v. Ford,* 542 U.S. 225, 231–32, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004), the Supreme Court held that district courts are not required to warn pro se habeas petitioners that their federal claims could be time-barred absent equitable tolling if a petitioner opts to dismiss a mixed petition without prejudice and to return to state court to exhaust all claims. The Court indicated that district courts are not required to advise pro se petitioners about a stay-and-abeyance procedure and are under no obligation to "explain[ ] the details of federal habeas procedure and calculat[e] statutes of limitations." *Id.* at 231, 124 S.Ct. 2441. In *Brambles v. Duncan,* 412 F.3d 1066, 1070 (9th Cir.2005), we followed *Pliler,* affirming a district court's denial of a pro se petition where the petitioner had filed a mixed petition, and where the district court had dismissed the petition after the one-year statute of limitations had expired without informing the petitioner about the stay-and-abeyance procedure. As we stated, "while the district court failed to advise Brambles of the likely consequences of his procedural options, the instructions presented accurate options available to Brambles and were not affirmatively misleading." *Id.* at 1068.

Tatum's first federal habeas petition was not a mixed petition. Even after three amendments, he alleged only one, exhausted ground. But, under the rationale in *Pliler* and *Brambles,* the district court was not required to advise Tatum of the stay-and-abeyance procedure when he asked to dismiss his petition. The district court's explanations of the statute of limitations and tolling rules, and its warning that Tatum's "limitations period may well have already expired," were accurate and were not affirmatively misleading. Even if the district court was required to take into account the plaintiff's equities in ruling on Tatum's Rule 41(a)(2) motion, it did so by correctly advising Tatum of the potential

consequences of the dismissal of his petition. Moreover, Tatum did not diligently pursue the claims presented in his second federal petition, and he has not shown the existence of a circumstance beyond his control that would justify the delay. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418–19, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Espinoza–Matthews v. California,* 432 F.3d 1021, 1026 (9th Cir.2005).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.