**Carlos P. ALVARADO, Petitioner— Appellant,**

v.

**Dora SCHRIRO; * et al., Respondents— Appellees.**

No. 03–16862.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.**

Filed July 26, 2006.

Carlos P. Alvarado, Florence, AZ, pro se.

Robert A. Walsh, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM ***

Carlos P. Alvarado, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review de novo the dismissal of a habeas petition as untimely. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 485, 163 L.Ed.2d 369 (2005). We affirm.

Alvarado contends that the conditions of his incarceration in the Special Management Unit ("SMU") of the Arizona Department of Corrections constitute an extraordinary circumstance warranting equitable tolling of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. We disagree because Alvarado has not established a causal link between his incarceration in SMU and his inability to file a timely habeas petition in federal court. *See Pace v. DiGuglielmo*,

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* Dora Schriro is substituted for her predecessor, Terry Stewart, as Director of the Arizona Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (stating that petitioner must show "that some extraordinary circumstance stood in his way" and that he "pursu[ed] his rights diligently" to obtain equitable tolling). To the contrary, the record reflects that he was able to file several post-conviction petitions in the state courts as well as a motion in the district court during the time he was incarcerated in SMU. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.2005) (denying equitable tolling where prisoner was able to file various other petitions during the relevant time period), *modified by* 447 F.3d 1165 (9th Cir.2006). Moreover, Alvarado failed to diligently pursue his remedies because he waited significant periods of time between filings. *See Pace*, 544 U.S. at 418–19, 125 S.Ct. 1807 (holding that lack of diligence precludes equitable tolling).

To the extent Alvarado raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.