Carol GOLD, Petitioner–Appellant,

v.

Mary HENNESSY, Deputy Warden;
et al., Respondents–Appellees.

No. 06–16305.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Michael L. Freeman, Phoenix, AZ, for Petitioner–Appellant.

AGAZ–Office of the Arizona Attorney General, Tucson, AZ, for Respondents–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Carol Gold appeals from the district court's judgment denying her habeas petition under 28 U.S.C. § 2254 as untimely. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Brambles v. Duncan,* 412 F.3d 1066, 1069 (9th Cir.), *cert. denied,* 546 U.S. 964, 126 S.Ct. 485, 163 L.Ed.2d 369 (2005), and we affirm.

Our review of the record indicates that the period of statutory tolling ended more than one year before Gold filed her § 2254 petition. All avenues of state post-conviction relief available to her ended no later than May 20, 2003, when the Arizona Supreme Court closed its case involving the denial of her petition for state post-conviction relief. *See Lawrence v. Florida,* —— U.S. 924, ——, 127 S.Ct. 1079, 1083, 166 L.Ed.2d 924, —— (2007). Any faulty legal advice Gold might have received regarding the timing of her state and federal collateral proceedings cannot support a claim of equitable tolling that might otherwise render her § 2254 petition timely. *See id.* at 1085; *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001). The district court therefore correctly dismissed Gold's § 2254 petition as untimely.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.