Luis Antonio **HERNANDEZ,**
Petitioner–Appellant,

v.

James E. **TILTON,** Director, California Department of Corrections; et al., Respondents–Appellees.

No. 07–16247.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

———

Brian J. Petersen, San Francisco, CA, for Petitioner–Appellant.

Linda M. Murphy, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: B. FLETCHER, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Luis Antonio Hernandez appeals from the district court's judgment dismissing as untimely his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo, *Brambles v. Duncan,* 412 F.3d 1066, 1069 (9th Cir. 2005), and we affirm.

■ Hernandez contends that he is entitled to equitable tolling because his attorney's misconduct in miscalculating the statute of limitations constituted extraordinary circumstances beyond his control. This contention fails because ordinary attorney negligence does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001); cf. *Spitsyn v. Moore,* 345 F.3d 796, 800–802 (9th Cir.2003).

■ Hernandez further contends that his petition should be heard because he has shown that he is "factually innocent." Even assuming the actual innocence gateway provides a basis for overcoming his untimeliness, *see Majoy v. Roe,* 296 F.3d 770, 775–76 (9th Cir.2002), Hernandez has presented no new evidence to support his claim, *see House v. Bell,* 547 U.S. 518, 536–

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

38, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (holding that a credible gateway claim "requires new reliable evidence"). The district court properly dismissed the petition as untimely. *See* 28 U.S.C. § 2244(d)(1); *House,* 547 U.S. at 536–38, 126 S.Ct. 2064; *Schlup v. Delo,* 513 U.S. 298, 324–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Majoy,* 296 F.3d at 776.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.