NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT KENNETH MONTGOMERY, II, *Petitioner*.

and

ROBERT KENNETH MONTGOMERY, II, *Petitioner*,

*v.*

THE HONORABLE DEREK CARLISLE, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of Mohave,

*Respondent Judge*,

and

STATE OF ARIZONA,

*Real Party in Interest*

No. 1 CA-SA 20-0055
No. 1 CA-CR 20-0064 PRPC
(Consolidated)

FILED 4-21-2020

Review from the Superior Court in Mohave County
No. CR2015-00731
The Honorable Derek Carlisle, Judge
The Honorable Richard Weiss, Judge (retired)

**REVIEW GRANTED; RELIEF DENIED**
**SPECIAL ACTION JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Arizona Attorney's Office, Phoenix
By Blaine Gadow
*Counsel for Respondent/Real Party in Interest*

Robert K. Montgomery, II, Phoenix
*Pro Se*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E,** Judge:

¶1 Petitioner Robert K. Montgomery, II, seeks review of the superior court's order denying his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 33.1.[1] He also seeks special action relief from the superior court's failure to appoint new counsel to raise a claim of ineffective assistance of counsel regarding his first PCR counsel. For the reasons discussed below, we grant review of the court's order denying post-conviction relief but deny relief. We accept special action jurisdiction over Montgomery's petition asserting a right to the appointment of counsel to pursue a claim of ineffective assistance of PCR counsel, and grant relief.

---

[1] Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *See State v. Botello-Rangel*, 1 CA-CR 19-0332 PRPC, 2020 WL 896477, at *1, ¶ 1, n.1 (Ariz. App. Feb. 25, 2020). The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." *Id*. Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

## FACTS AND PROCEDURAL BACKGROUND

¶2          The grand jurors indicted Montgomery on three counts of sexual exploitation of a minor for allegedly possessing "visual or print medium in which a minor is engaged in exploitative exhibition or other sexual conduct," and the minor is under 15. Ariz. Rev. Stat. ("A.R.S.") § 13-3553. Eventually, Montgomery and the State entered into a plea agreement. According to the terms of that agreement, Montgomery would plead guilty to an amended count of sexual exploitation with a child over 15; and guilty to another count as charged. The plea agreement further provided Montgomery would receive a prison sentence between ten and fifteen years for the greater charge, and consecutive lifetime probation for the lesser. In return, the State agreed to dismiss the remaining count and not file additional charges arising from other evidence discovered during the investigation.

¶3          The superior court conducted the requisite change-of-plea colloquy with Montgomery. *See* Ariz. R. Crim. P. 17. The court confirmed with Montgomery that he was aware that he was giving up certain rights by pleading guilty. Included in this dialogue was the following exchange:

> [The Court]:  In addition to the rights that I just explained to you, by pleading guilty, you will be giving up the right to file an appeal and have an appellate court review these proceedings for any possible error.
>
> The only such review you would be entitled to would be to file a petition for post-conviction relief in this case, which would enable the Court to determine whether any error had been committed in this case.
>
> Do you understand that?
>
> [Montgomery]:      Yes, Your Honor.

The court found that Montgomery "knowingly, intelligently and voluntarily pled guilty," and accepted and entered the plea.

¶4          At sentencing, the court sentenced Montgomery to ten years' imprisonment on the greater charge, the minimum provided for under the terms of the agreement. Rather than following the stipulation in the plea agreement regarding the length of the probation term for the lesser charge, the court imposed a ten-year consecutive term of probation instead of the lifetime term. The State did not object or ask to withdraw from the plea.

¶5　　　　In April 2018, Montgomery filed a timely notice of post-conviction relief. The court appointed counsel to represent Montgomery. In June 2019, Montgomery's counsel filed a notice of completion, explaining that she was "unable to find any colorable claims for submission" to the court. Counsel requested that the court allow Montgomery to file a supplemental petition, which it granted.

¶6　　　　Initially, instead of filing a supplemental petition, Montgomery filed a new notice of post-conviction relief, raising a claim that his PCR counsel was ineffective. Montgomery requested that the court appoint new counsel to present that claim. Montgomery then filed his *pro se* supplemental petition. While his supplemental petition was pending, Montgomery filed a motion stating, "Defendant . . . again requests a court-appointed attorney to represent him for the aforementioned Rule 32 petition for ineffective assistance of Rule 32 counsel." The court did not appoint counsel to raise the ineffectiveness claim.

¶7　　　　In the supplemental petition, Montgomery argued that (1) he was compelled by the State to submit to a psychosexual risk assessment and polygraph to obtain a better plea offer; (2) impermissible evidence was considered by the court at the time of sentencing; (3) A.R.S. § 13-3553 is unconstitutional because it punishes him for offenses he did not commit and caused him to incriminate himself; and (4) the statute is likewise unconstitutional because it creates a crime punishable as a dangerous crime against children even though there is no victim. The superior court found the claims were meritless and dismissed the petition.

¶8　　　　Montgomery filed a PCR petition for review, and we have jurisdiction under A.R.S. § 13-4239(C) and Rule 33.16. He also petitioned for special action relief challenging the court's failure to appoint counsel to raise an ineffectiveness claim against his PCR attorney. We previously accepted jurisdiction of that petition, *see generally* Ariz. R.P. Spec. Act. 1(a) (special action jurisdiction is appropriate when there is no equally plain, speedy, and adequate remedy by appeal), and consolidated the two petitions.

**DISCUSSION**

A.　**The Superior Court Correctly Dismissed the Petition for Post-Conviction Relief.**

¶9　　　　We review the superior court's denial of post-conviction relief for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012), but review the interpretation of the Arizona Rules of Criminal Procedure *de*

*novo*, *State v. Mendoza*, 248 Ariz. 6, 14–15, ¶ 12 (App. 2019). Post-conviction relief "is applied quite restrictively to overturn guilty pleas," *State v. Fritz*, 157 Ariz. 139, 140 (App. 1988), primarily because by pleading guilty, a defendant waives all non-jurisdictional defenses, *Botello-Rangel*, 2020 WL 896477, at *2, ¶ 5.

**¶10** In his petition for review, Montgomery raises the same claims he raised in his petition for post-conviction relief. However, the claims were either non-jurisdictional and, therefore, waived when he voluntarily entered into the plea agreement; or failed to show prejudice. The court correctly determined that these claims cannot be the basis for relief. Ariz. R. Crim. P. 33.2(a)(1).

**B.** **The Superior Court Was Obligated to Appoint Counsel to Review the Ineffectiveness Claim Against PCR Counsel**.

**¶11** Rule 33.4(b)(3)(C) provides that a pleading defendant may file a successive notice for relief for claims of ineffective assistance of PCR counsel if the notice is filed "no later than 30 days after the trial court's final order in the first post-conviction proceeding." If the pleading defendant timely files a notice under Rule 33.4(b)(3)(C), then the "judge must appoint counsel" if "the defendant requests it" and is otherwise entitled to such an appointment. Ariz. R. Crim. P. 33.5(a)(1)–(3).

**¶12** The rules were amended effective January 1, 2020, to encapsulate current caselaw. *See State v. Petty*, 225 Ariz. 369, 372, ¶ 9 (App. 2010) ("[A] pleading defendant . . . is constitutionally entitled to the effective assistance of counsel on his first . . . petition for post-conviction relief, the counterpart of a direct appeal." (quoting *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995))); *see also State v. Jones*, 182 Ariz. 432, 433 (App. 1995) (a pending proceeding does not suspend the defendant's right to file a PCR notice). Montgomery was entitled to the appointment of new counsel to raise a claim of ineffective assistance of PCR counsel, even if the first petition was still pending.[2]

**¶13** The record is unclear whether the court was aware of the subsequent notice and Montgomery's request for the appointment of counsel. Nonetheless, because the record shows he made such a request, we

---

[2] A court could, on its own motion, stay the appointment of counsel and wait to proceed on the subsequent notice until the first petition has been resolved.

grant the relief he requests and order that the court appoint new counsel to represent Montgomery in his subsequent proceeding.

## CONCLUSION

**¶14** We grant review of the petition for review from the denial of Montgomery's PCR petition but deny relief. We accept jurisdiction of his petition for special action and order that the court appoint Montgomery counsel to represent him concerning any claim for the ineffectiveness of PCR counsel.



AMY M. WOOD • Clerk of the Court
FILED: AA

6