NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENNETH KIPRONO KIRUI, *Petitioner*.

No. 1 CA-CR 25-0282 PRPC

FILED 02-06-2026

Petition for Review from the Superior Court in Maricopa County
No.  CR2022-001578-001
The Honorable Kerstin G. LeMaire, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Kenneth Kirui, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

**¶1**         Kenneth Kiprono Kirui seeks review of the superior court's dismissal of his first notice of post-conviction relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure.  Because the superior court erred by concluding it lacked jurisdiction to consider Kirui's PCR claim while his direct appeal was pending, we grant review and grant relief.

**¶2**         In July 2024, a jury found Kirui guilty of two counts of sexual assault and one count of kidnapping, committed in early 2020.  The court sentenced him to 14 years in prison followed by 7 years' supervised probation.  Kirui's direct appeal from the convictions and sentences is currently pending before this court.

**¶3**         A few months after filing his notice of appeal, Kirui filed a PCR notice alleging grounds for relief based on newly discovered material facts.  *See* Ariz. R. Crim. P. 32.1(e).  He then requested pre-petition discovery under Rule 32.6(b)(1), seeking "identification and location information" for the victim and the sexual assault nurse examiner  (witnesses at trial), whom he asserted had testified falsely and were not who they claimed to be.[1]

**¶4**         The State moved to dismiss the PCR proceeding, asserting that Kirui's direct appeal divested the superior court of jurisdiction over the PCR proceeding and that—Kirui's express allegation of newly discovered evidence notwithstanding—his claims were constitutional claims that could be raised on appeal and were thus precluded.  *See* Ariz. R. Crim. P. 32.2(a)(1) (precluding relief based on grounds "still raiseable on direct appeal").  After briefing on the motion, the superior court found that it lacked jurisdiction over the PCR proceeding given the pending direct

---

[1]       Around the same time, Kirui filed a separate "motion to compel[] the State to positively identify the witnesses and their credentials" seeking comparable information, ostensibly independent of the PCR proceeding.

appeal. The court dismissed the PCR proceeding, including denying Kirui's discovery requests.

**¶5**      Kirui timely petitioned this court for review. We review the superior court's ruling for an abuse of discretion but consider de novo its legal conclusions. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). We grant review and grant relief.

**¶6**      The pendency of an appeal does not suspend the defendant's right to file a notice of PCR. *See State v. Jones*, 182 Ariz. 432, 433–34 (App. 1995). And the pendency of Kirui's direct appeal does not divest the superior court of jurisdiction over his PCR proceeding asserting a claim for relief based on newly discovered material facts. *See* Ariz. R. Crim. P. 32.1(e). To the contrary, the rules contemplate concurrent appellate and PCR proceedings. *See, e.g.*, Ariz. R. Crim. P. 31.3(c) (prohibiting new filings in superior court without leave of the appellate court once the record on appeal is completed—*except for non-precluded PCRs*); Ariz. R. Crim. P. 32.4(b)(4)(C) (requiring the superior court clerk to notify the appellate court of a newly filed PCR notice "[i]f an appeal of the defendant's conviction or sentence is pending"); Ariz. R. Crim. P. 31.3(b)(1) (permitting—but not requiring—the appellate court to suspend a pending appeal to permit resolution of a PCR proceeding); Ariz. R. Crim. P. 32.15 (requiring the defendant to provide notice of a final ruling in a PCR proceeding to the appellate court where the direct appeal of conviction or sentence is pending). This ensures that a defendant can receive "speedy relief for those claims which are not proper for direct appeals" and, depending on the viability of the Rule 32 claim, "could make consideration of the direct appeal moot and could hasten the start of a new trial or other resolution of the case." *Jones*, 182 Ariz. at 434 (quoting *Krone v. Hotham*, 181 Ariz. 364, 366 (1995)).

**¶7**      In sum, the superior court has jurisdiction to address a PCR claim of newly discovered evidence during the pendency of an appeal. And although Kirui is precluded from obtaining relief based on any claims that he is pursuing or could have pursued in his pending direct appeal, *see* Ariz. R. Crim. P. 32.2(a)(1), that fact does not divest the superior court of jurisdiction; instead, it means that any such claims can be denied on the basis of preclusion.

**¶8**      We thus grant relief by vacating the dismissal of Kirui's PCR proceeding as well as the related denial of his discovery requests, and we

remand for further proceedings.[2] We express no opinion on the viability of Kirui's discovery requests. We likewise express no opinion on the merits of Kirui's claim for relief (including whether it seeks relief on grounds precluded under Rule 32.2(a)(1)), which he has not yet presented in a PCR petition. *See* Ariz. R. Crim. P. 32.7.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

---

[2]      Although we need not address Kirui's alternative arguments in light of this ruling, we note that the PCR proceeding was properly assigned to the sentencing judge for ruling. *See* Ariz. R. Crim. P. 32.10(a).