890 P.2d 1149

Ray Milton KRONE, Petitioner,

v.

Hon. Jeffrey HOTHAM, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,

and

STATE of Arizona, Real
Party in Interest.

No. CV–94–0402–SA.

Supreme Court of Arizona,
En Banc.

March 7, 1995.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for real party in interest.

Plourd & Levine by Christopher J. Plourd, San Diego, CA, and Eugene A. Burdick, Mesa, for petitioner.

## OPINION

MOELLER, Vice Chief Justice.

### FACTS

Petitioner Ray Milton Krone (defendant) was convicted in the Maricopa County Superior Court of first degree murder and was sentenced to death. His conviction and sentence were automatically appealed to this court. *See* Ariz.Rev.Stat.Ann. (A.R.S.) § 13–4031 (1989); Ariz.R.Crim.P. 31.2(b). While his direct appeal was pending, defendant filed in superior court a notice of post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. The trial court dismissed the notice, holding that it was premature under recently amended Rule 32.4(a). That rule requires the clerk of the supreme court to "expeditiously file" a notice for post-conviction relief with the trial court when a death sentence is affirmed on direct appeal (the "automatic filing"). In dismissing defendant's notice, the trial court reasoned that the amended rule precluded defendant from filing a notice for post-conviction relief before his direct appeal was concluded. Defendant filed a petition for special action in this court challenging the trial court's construction of

Rule 32.4. We accept jurisdiction under Ariz. Const. art. 6, § 5(1).[1]

## ISSUE

Whether Rule 32.4(a), Arizona Rules of Criminal Procedure, precludes a defendant under sentence of death from filing a notice of post-conviction relief before his direct appeal is concluded.

## DISCUSSION

■ We hold that Rule 32.4(a) does not preclude a defendant under sentence of death from filing a notice of post-conviction relief before his direct appeal is concluded. Rule 32.1 provides that "any person who has been convicted of ... a criminal offense may ... institute a proceeding to secure appropriate relief" on any of the grounds specified in the rule. Before 1992, a defendant could file a petition for post-conviction relief "at any time after entry of judgment and sentence." Ariz.R.Crim.P. 32.4(a) (amended 1992). However, the unlimited time for filing had potential for abuse, particularly in capital cases. Under old Rule 32.4(d), the superior court could stay an execution date set by this court if the defendant filed a Rule 32 petition. A capital defendant whose conviction and sentence had been affirmed by this court would often wait nearly until the eve of his scheduled execution to file a Rule 32 petition, at which time the superior court would stay the execution without any review by this court. This practice often resulted in unwarranted delay.

■ In an attempt to avoid such delay, we amended Rule 32.4(a) by adding the following language:

In a non-capital case, the notice must be filed within ninety days of the entry of judgment and sentence or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is the later. In a capital case, the clerk of the Supreme Court shall expeditiously file a notice for post-conviction relief with the trial court upon the issuance of a mandate affirming the defen-

dant's conviction and sentence on direct appeal. Any notice not timely filed may only raise claims pursuant to Rule 32.1(d) [person in custody after sentence expired], (e) [new evidence], (f) [failure to appeal without fault on defendant's part] or (g) [change in law].

This language added two major features. The first feature is specific time limits applicable to noncapital cases. The second feature is the automatic filing of a notice of post-conviction relief by the clerk when this court affirms a death sentence. Rather than wait for a capital defendant to file a notice of post-conviction relief just before his scheduled execution, the clerk of the supreme court now files a notice for him in the superior court shortly after his sentence is affirmed by this court. No warrant of execution will issue until the defendant's first Rule 32 proceeding is concluded. A.R.S. § 13–706(A) (Supp.1994). If the defendant files any subsequent petition for post-conviction relief, he or she must apply separately to this court, not to the superior court, to seek a stay of execution pending completion of that subsequent petition. Ariz.R.Crim.P. 32.4(f).

Because the new time limits apply only to noncapital cases and the new automatic filing applies only to capital cases, the state argues in its response that "the new version of Rule 32.4(a) establishes separate procedures for the filing of a notice in a capital case as opposed to a non-capital case." We did not intend the result the state urges. We made the automatic filing applicable only to capital cases because we intended to address a problem unique to those kinds of cases—unwarranted delay in executing the sentence. It is true that the time limits apply only to noncapital cases. This is because in capital cases, our clerk will "expeditiously file" a notice after affirmance of a death sentence, making additional rules of timeliness in capital cases unnecessary. Nowhere does the amended rule expressly prohibit a capital defendant from filing a notice of post-conviction relief before exhausting his direct appeal, and we decline to read such a prohibition into the rule.

---

1. In Arizona, relief formerly obtained by writs of prohibition, mandamus, or certiorari is now ob-

tained by "special action." Ariz.R.P.Spec. Act. 1.

We also believe that absolute preclusion of early filings by capital defendants would not necessarily advance the purposes of the 1992 amendments. We created the 32.4(a) automatic filing to address the problem of late filings, not early filings. Early filings do not threaten to cause unwarranted delay in the same way that late filings once did and, when filed under appropriate circumstances, may even hasten the just resolution of certain cases. For example, it would be unwise to preclude early claims of newly discovered exculpatory evidence, which may become more difficult to try as time passes and which cannot be legally raised on direct appeal. *See State v. Scrivner*, 132 Ariz. 52, 54, 643 P.2d 1022, 1024 (App.1982) (stating that one purpose of post-conviction proceedings is to furnish an evidentiary forum to establish new facts). Furthermore, in a given case, an early Rule 32 proceeding could make consideration of the direct appeal moot and could hasten the start of a new trial or other resolution of the case.

■ Thus, we conclude that Rule 32.4(a) does not preclude early filings in capital cases. Nor will such early filing preclude the clerk's later automatic filing under Rule 32.4(a) if the death penalty is affirmed; in capital cases, there are almost always some potential issues that cannot be fully developed until the conclusion of the direct appeal. We caution, however, that defendants should be mindful of the possible consequences of filing an early Rule 32 notice. The usual rules of preclusion will apply. Ariz. R.Crim.P. 32.2; *see State v. Smith*, 169 Ariz. 243, 246, 818 P.2d 228, 231 (App.1991). Thus, if a defendant's early petition for post-conviction relief raises a limited number of issues, the defendant waives other issues he could have then raised but did not. For example, in *State v. Conner*, 163 Ariz. 97, 786 P.2d 948 (1990), the defendant raised ineffective assistance of counsel at sentencing in a post-conviction relief proceeding. *Id.* at 99, 786 P.2d at 950. The trial court ordered resentencing. *Id.* In a later post-conviction relief proceeding, the defendant raised, for the first time, ineffective assistance of counsel at trial. *Id.* at 99–100, 786 P.2d at 950–51. We held that the issue was waived and the defendant was precluded from raising it.

*Id.* at 100, 786 P.2d at 951; *see also State v. Pac*, 175 Ariz. 189, 190–91, 854 P.2d 1175, 1176–77 (App.1993) (finding issues waived because they could have been raised in a prior post-conviction relief proceeding or on direct appeal).

In addition to issues of preclusion, defendants contemplating an early filing should consider recently enacted A.R.S. § 13–706(A), which requires that "[a]fter a conviction and sentence of death are affirmed and the *first* post-conviction relief proceedings have concluded, the supreme court shall issue a warrant of execution that authorizes ... execution thirty-five days after the supreme court's mandate or order denying review." (Emphasis added.)

■ We also take this occasion to emphasize that we will rarely, if ever, stay the direct appeal pending resolution of an early post-conviction relief proceeding. We once routinely stayed appeals pending resolution of Rule 32 proceedings, but that practice proved unworkable and resulted in long delays. *See, e.g., State v. Vickers*, 180 Ariz. 521, 885 P.2d 1086 (1994) (five years from conviction to disposition on appeal). Now, we will almost never allow a Rule 32 proceeding to delay a direct appeal.

We are aware that our present practice may appear to conflict with the practice suggested by cases starting with *State v. Valdez*, 160 Ariz. 9, 770 P.2d 313 (1989). In *Valdez*, we said:

As a general matter, we recommend that when a defendant wishes to raise the question of ineffective assistance during the pendency of his appeal, he should file the proper petition under Rule 32 ... in the trial court and seek an order from the appellate court suspending the appeal.

160 Ariz. at 15, 770 P.2d at 319; *see also State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). We continue to commend the Rule 32 process to resolve claims of ineffective assistance of counsel. *See State v. Atwood*, 171 Ariz. 576, 599, 832 P.2d 593, 616 (1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993). However, the practice of staying appeals pending resolution of Rule 32 proceedings has proven un-

successful, and we will no longer engage in it, barring the most exceptional circumstances.

## DISPOSITION

We hold that Rule 32.4(a), Arizona Rules of Criminal Procedure, does not preclude a defendant under sentence of death from filing a notice of post-conviction relief before his direct appeal is concluded. We point out, however, that rarely will it be advantageous to do so if the only purpose is to present all issues that are ultimately routinely presented in capital cases. We do not close the door, however, for the occasional case in which an early proceeding will likely lead to early relief. We vacate the order of the trial court dismissing the notice of post-conviction relief and remand to the trial court, where defendant may proceed under Rule 32 or withdraw the notice without prejudice, at his option.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.