NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GEORGE DENTON WEATHERFORD, *Petitioner*.

No. 1 CA-CR 13-0768 PRPC

FILED 9-22-2015

Appeal from the Superior Court in Pima County
No. CR20092354-001 and CR20094105-001
The Honorable Jane L. Eikleberry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Pima County Attorney's Office, Tucson
By Barbara LaWall
*Counsel for Respondent*

Higgins & Higgins, P.C., Tucson
By Harold L. Higgins, Jr.
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

**¶1**        George Weatherford seeks review of the dismissal of his petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**        A jury found Weatherford guilty of four counts of aggravated driving under the influence ("DUI"), two counts each of criminal damage and endangerment and one count each of unlawful flight, first degree burglary, and theft.  As part of that same proceeding, the trial court found Weatherford guilty of two counts of misconduct involving weapons.  The court sentenced Weatherford to an aggregate term of 63.25 years' imprisonment, and we affirmed his convictions and sentences on direct appeal.  Weatherford now seeks review of the summary dismissal of his first petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4239(C) and Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Weatherford presents three ineffective assistance of counsel claims, arguing: (1) his pretrial attorney was ineffective in requesting consolidation; (2) trial counsel was ineffective by failing to interview witnesses, and (3) trial counsel was ineffective by not demanding that the jury determine whether he committed the offenses while on community supervision for a prior felony conviction.

**¶4**        "Defendants are not guaranteed perfect counsel, only competent counsel." *State v. Valdez*, 160 Ariz. 9, 15 (1989), *abrogated on other grounds by Krone v. Hotham*, 181 Ariz. 364 (1995).  To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If a defendant fails to make a sufficient showing of either prong of this test, the trial court need not determine whether the other prong has been satisfied.  *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶5          To demonstrate prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]he showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). There is a strong presumption that counsel's actions constitute sound trial strategy. *State v. Stone*, 151 Ariz. 455, 461 (App. 1986). "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *Valdez*, 160 Ariz. at 15.

¶6          Weatherford argues his pretrial lawyer was ineffective because she moved to consolidate the case with the burglary and theft charges ("the burglary case") with the case involving the remaining counts ("the DUI case"). The trial court had set both cases for trial, with the DUI trial taking place the week after the trial in the burglary case. Defense counsel moved to continue both trials and also to consolidate the trials under Rule 13.3. She argued the cases were "based on the same conduct or are otherwise connected together in their commission" and that all of the events took place on the same day; officers investigating the DUI case found items taken in the burglary; and "[m]uch [of] the same evidence is going to be presented in each case." Finally, counsel argued consolidation would promote judicial economy and shorten the total time needed to try all of the charges. The trial court granted the requests to continue and consolidate.

¶7          Weatherford argues that, from a defense perspective, there was no valid reason to seek consolidation and that consolidation led to the jury hearing highly prejudicial evidence from the DUI case that would not have been admitted at a separate trial of the burglary case, including: (1) his flight from law enforcement; (2) his agitation, aggressiveness, and profanity when arrested in the DUI case; (3) his blood alcohol concentration; (4) his two prior DUI convictions and the fact he was driving on a suspended license; and (5) his disturbance of the peace at a "gentlemen's club," where he was asked to leave shortly before the events underlying the DUI case.

¶8          We find no abuse of discretion in the trial court's determination that seeking to consolidate the trials did not constitute ineffective assistance of counsel. "[I]n the interest of judicial economy, joint trials are the rule rather than the exception." *State v. Van Winkle,* 186 Ariz. 336, 339 (1996). The trial court ruled that defense counsel's reasons for moving to consolidate were valid, noted that all of the offenses occurred on

the same day, and specifically found that "much of the same evidence would have been admissible had the cases been tried separately."

¶9 Even if defense counsel's consolidation request fell below objectively reasonable standards, Weatherford failed to demonstrate the requisite prejudice. *See Strickland*, 466 U.S. at 687. Although the evidence he identifies may have been prejudicial, he has not established that it was so unfairly prejudicial that it denied him a fair trial. The judge who ruled on Weatherford's petition for post-conviction relief presided over his trial and was thus well-equipped to determine whether any prejudice arose from consolidation. And the record suggests no reasonable probability that a separate trial in the burglary case would have produced a different outcome. The burglary took place only hours before the DUI-related offenses; investigators found property from the burglary in the vehicle Weatherford was driving at the time of his DUI arrest, and Weatherford's DNA profile matched blood found at the burglary scene. Furthermore, the court instructed the jury that each count was a separate and distinct offense; that it must decide each count separately and based only on the evidence and law related to that count; and that its decision on any count could not influence its decision on any other count. The court also gave an instruction that limited consideration of the prior DUIs to the question of whether Weatherford had two prior DUIs. We presume that jurors follow their instructions. *State v. Dunlap*, 187 Ariz. 441, 461 (App. 1996).

¶10 Weatherford next argues trial counsel was ineffective by failing to interview prosecution witnesses before trial. His only specific substantive argument, though, is about the failure to interview investigators in the burglary case, and then only in the context of the DNA evidence.

¶11 Investigators initially failed to notice a blood stain on the wall of the residence where the burglary occurred. It was only after the homeowner contacted police that an investigator returned to the scene days later and obtained a sample of the blood. Weatherford argues that by failing to interview the investigators, his trial attorney missed the opportunity to discredit the DNA evidence and raise questions about how and when the blood came to be in the residence. The trial court, however, determined that defense counsel "thoroughly and effectively" cross-examined the witnesses at trial and made clear to the jury that investigators failed to find the blood stain during their initial investigation. The court concluded:

4

The State's evidence was overwhelming, and there is no reason to think that pre-trial interviews would have bolstered cross-examination in any way. Petitioner's DNA was found on the burglary victim's wall, and a gun stolen from her home was found in Petitioner's vehicle on the same day her home was burglarized.

**¶12** We again find no abuse of discretion. Defense counsel had the investigative reports and made it abundantly clear through cross-examination that investigators missed what presumably was an obvious blood stain on the wall when they examined the residence on the date of the incident. Defense counsel stressed this issue in closing argument and suggested there was no evidence the blood was even present during the initial investigation. Whether pretrial interviews would have revealed additional grounds for attacking the DNA evidence is wholly speculative. Under these circumstances, Weatherford has failed to show that counsel's performance fell below objectively reasonable standards or that he suffered corresponding prejudice.

**¶13** Finally, shortly after the jury returned its verdicts, the parties, without objection, tried the issue of Weatherford's release status to the court. The court found that Weatherford committed the offenses while on community supervision for a prior felony conviction, which made the presumptive sentence the minimum sentence the court could impose for each count. A.R.S. § 13-604.02(B) (2008).[1]

**¶14** Weatherford argues counsel was ineffective in not demanding that the jury determine his release status. We agree that Weatherford's release status was a matter for the jury absent a valid waiver. Any fact, other than the fact of a prior conviction, that increases the prescribed statutory minimum penalty must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013); *State v. Large*, 234 Ariz. 274, 278, ¶ 12 (App. 2014). This includes a defendant's release status because it makes the presumptive sentence the prescribed statutory minimum sentence. *Large*, 234 Ariz. at 279-80, ¶¶ 13-16. Even so, Weatherford has not demonstrated the requisite prejudice. The State proved his release status with an Arizona Department of Corrections "pen pack" and established that Weatherford began a term of

---

[1] Although Weatherford cites A.R.S. § 13-708(C), the version of A.R.S. § 13-708 that includes this provision did not become effective until January 1, 2009. Weatherford committed the offenses on July 3, 2008. Therefore, A.R.S. § 13-604.02(B) (2008) is the applicable statute.

community supervision approximately two months before he committed the instant offenses. No reasonable juror could have found Weatherford was not on community supervision when he committed the instant offenses. As a result, no prejudice arises from the failure to submit the question to the jury. *See id.* at 280, ¶ 19.

**CONCLUSION**

¶15          For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama