NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

KAZUHIKO MATSUMOTO WILSON, *Petitioner.*

No. 1 CA-CR 15-0148 PRPC
FILED 6-13-2017

Petition for Review from the Superior Court in Coconino County
No. S0300CR201000088
The Honorable Dan R. Slayton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Respondent*

Craig Williams, Attorney at Law, P.L.L.C., Prescott Valley
By Craig A. Williams
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1        Petitioner, Kazuhiko Matsumoto Wilson, petitions this court for review of the denial of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## BACKGROUND

¶2        A jury found Wilson guilty of first degree murder, first degree burglary, armed robbery, theft, possession of marijuana for sale, possession or use of narcotic drugs, and solicitation to hinder prosecution in the first degree. The trial court sentenced him to imprisonment for natural life plus 2.5 years, and this court affirmed his convictions and sentences on direct appeal. Wilson filed a timely petition for post-conviction relief and raised claims of ineffective assistance of counsel. The same court that presided over Wilson's trial found Wilson presented colorable claims for relief and held a two-day evidentiary hearing, after which the court denied relief. Wilson now seeks review.

## ANALYSIS

### I.        Ineffective Assistance of Counsel

¶3        In his petition for review, Wilson argues the court erred when it found trial counsel was not ineffective. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Strategic choices of counsel made after adequate investigation of the law and facts, however, "are virtually unchallengeable." *Id.* at 690. "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989) (citations omitted), *departed from on other grounds by Krone v. Hotham*, 181 Ariz. 364, 366-67, 890 P.2d 1149, 1151-52 (1995).

¶4        We review a superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). We review a court's findings of fact made after an evidentiary hearing to determine if they are clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620, 875 P.2d 850, 853 (App. 1994).

### A.  The Failure to File a Motion to Suppress

¶5        Wilson first argues his trial counsel was ineffective when he failed to file a motion to suppress evidence investigators seized from Wilson's residence pursuant to a search warrant.  The warrant at issue was a "daytime only" warrant.  This meant that investigators had to serve the warrant between 6:30 a.m. and 10:00 p.m.  *See* Ariz. Rev. Stat. § 13-3917 (2001).  Wilson argues counsel should have sought to suppress the evidence because investigators served the warrant at 10:03 p.m.

¶6        We deny relief because the trial court did not abuse its discretion when it found that defense counsel's failure to file a motion to suppress did not fall below objectively reasonable standards.  Counsel testified that he considered filing a motion to suppress for the reasons Wilson urged, but decided not to once he investigated the facts, researched the law, and spoke to other defense counsel.  Counsel learned that investigators knocked and announced at the residence at 9:50 p.m., but nobody was home.  Rather than break in, they contacted another person on the property's lease, who informed the investigators that he was on the way and would unlock the door.  That person arrived soon afterward, and the door was opened at 10:03 p.m.

¶7        Counsel did not believe a motion to suppress would be successful because, in counsel's view, investigators "served" the warrant before 10:00 p.m.  They simply did not gain physical entry until 10:03 p.m.  Counsel further believed there was no chance of success for a motion to suppress that argued investigators should have forced their way into the residence to get inside by 10:00 p.m. when they knew one of the residents was on his way with a key.  Counsel believed that under these circumstances, there was no "legitimate" issue and that to file a motion to suppress on these grounds would have been "ludicrous and stupid and a waste of my time."

### B.  Inconsistent Theories of Defense

¶8        Wilson next argues his trial counsel was ineffective because counsel presented inconsistent defense theories.  Wilson argues his sole defense should have been that one or more of the three members of a "heroin ring" killed the victim, and that members of the ring later gave the unwitting Wilson the victim's backpack, which contained marijuana and the gun used to kill the victim.  Wilson argues his trial counsel presented inconsistent defenses that suggested the members of the heroin ring, the victim's roommates, or other people murdered the victim.

¶9            We deny relief.   Defense counsel testified there was no inconsistent defense and that any claim otherwise was a mischaracterization.  Counsel testified that the defense theory throughout the case was that one or more of the three members of the heroin ring or someone at the ring's direction committed the murder.  Counsel, however, had to deal with evidence in Wilson's residence and vehicle that directly tied Wilson to the murder, as well as the testimony of two witnesses who claimed Wilson confessed to the murder.  Counsel testified that what Wilson describes as inconsistent defenses was counsel's attempts to discredit the adequacy of the police investigation in general and, more specifically, their investigation of the two people who claimed Wilson confessed.  Counsel was also trying to show how those two people could have gained knowledge of details of the murder either from the members of the heroin ring or from their own involvement on behalf of the heroin ring and, therefore, details of the murder did not necessarily come from Wilson.    Further, evidence that other people had the motive and opportunity to murder the victim was to show simply that others had motive and opportunity, not to present alternative theories that those others committed the murder and/or to show that the heroin ring and/or someone at the ring's direction did not commit the murder.  Finally, counsel testified that he did not lay all this out in an opening statement because he did not want to tip off the State to the theory of defense, but wanted to build the defense "brick by brick."   The trial court did not abuse its discretion when it found defense counsel's strategy did not fall below objectively reasonable standards.

C.      *The Failure to Successfully Admit Statements of Members of the Heroin Ring*

¶10            Wilson next argues his trial counsel was ineffective when counsel failed to successfully admit statements of members of the heroin ring.  In those statements, one or more of the ring's members allegedly told Wilson that the victim stole the ring's heroin, and Wilson needed to sell the marijuana in the backpack to make up for the loss because Wilson had introduced the victim to the ring.

¶11            Wilson conceded below that his counsel attempted to admit these statements and the trial court properly sustained the State's objections based on hearsay.  Wilson argues, however, that counsel was ineffective when counsel failed to attempt to admit these statements under the alternative theory that the statements were admissible as prior inconsistent statements pursuant to Arizona Rule of Evidence 613.  Wilson argues counsel should have asked each member of the ring if they made the above

statements, get them to deny they had, and then offer Wilson's testimony that they made these statements to him.

¶12        We deny relief. Trial counsel testified he made the strategic decision to not attempt to admit the statements as prior inconsistent statements because he did not think they were admissible as prior inconsistent statements. He believed the purpose of Rule 613 was not to simply ask a person if they committed a crime, have the person deny they did, and then have the defendant testify the person told the defendant they committed the crime. The trial court agreed. Counsel also believed that if he attempted to introduce the statements in this manner, the jury would believe Wilson's testimony was rehearsed and/or staged. Counsel believed it was important to establish and maintain credibility with the jury. The trial court did not abuse its discretion when it found counsel's strategic decision to not attempt to admit the statements of the heroin ring as prior inconsistent statements did not fall below objectively reasonable standards.

### II.        *Denial of the Right to Effective Cross-Examination*

¶13        As the final issue on review, Wilson argues the trial court erred when it denied him the right to effectively cross-examine trial counsel during the evidentiary hearing. Specifically, Wilson argues the court should have allowed him to cross-examine trial counsel regarding his failure to ask the members of the heroin ring point-blank if they killed the victim. We deny relief because the trial court correctly found that the petition for post-conviction relief did not present any claim of ineffective assistance based on the failure to ask this question, and Wilson was attempting to go beyond the scope of the issues he raised in his petition.

### CONCLUSION

¶14        Accordingly, we grant review but deny relief.

