NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PATRICIA FALKENBURRY, *Petitioner*.

No. 1 CA-CR 16-0218 PRPC
FILED 8-22-2017

Petition for Review from the Superior Court in Yavapai County
No.  P1300CR200901255
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By George Rodriguez
*Counsel for Respondent*

Patricia Falkenburry, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

**¶1**        Patricia Falkenburry petitions this court for review from the dismissal of her petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure (Rule) 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury found Falkenburry guilty of transportation of a dangerous drug for sale (methamphetamine), possession of methamphetamine drug paraphernalia, and misconduct involving weapons.[1]  The court imposed concurrent prison terms—the longest being seven years for the transportation of a dangerous drug offense. Falkenburry filed a premature notice of post-conviction relief, and on direct appeal, this court affirmed her convictions and sentences.

**¶3**        Assigned Rule 32 counsel filed a petition for post-conviction relief, claiming Falkenburry's trial counsel provided constitutionally ineffective assistance. As the bases for her claim, Falkenburry argued counsel failed to cross-examine a witness and to argue a Rule 20 motion.[2] The State responded (and included an affidavit by Falkenburry's trial counsel), Falkenburry replied, and the trial court summarily denied the petition.  This timely petition for review followed.  We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).

---

[1]        The jury also found Falkenburry guilty of Count 2, possession of methamphetamine, which the parties subsequently stipulated to dismissing.

[2]        Falkenburry also mentioned a possible issue regarding the amount of credit she received for time served during pre-trial incarceration.  That issue appears to be resolved, and, in any event, the petition for review does not mention an issue regarding her release credits.

¶4            "Defendants are not guaranteed perfect counsel, only competent counsel." *State v. Valdez,* 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989), *overruled on other grounds by Krone v. Hotham,* 181 Ariz. 364, 366–67, 890 P.2d 1149, 1151–52 (1995). To state a colorable claim of ineffective assistance of counsel (IAC), a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98, 694 P.2d 222, 227-28 (1985) (adopting the *Strickland* test). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and must make "every effort . . . to eliminate the distorting effects of hindsight[.]" *Strickland,* 466 U.S. at 689. Furthermore, "we must presume 'counsel's conduct falls within the wide range of reasonable professional assistance' that 'might be considered sound trial strategy.'" *State v. Denz,* 232 Ariz. 441, 444, ¶ 7, 306 P.3d 98, 101 (App. 2013) (internal quotations and citations omitted). And "[d]isagreements as to trial strategy . . . will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis." *State v. Meeker,* 143 Ariz. 256, 260, 693 P.2d 911, 915 (1984).

¶5            Throughout her petition for review, Falkenburry fails to cite to the record or supporting authority. A petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) - (iv). Nonetheless, Falkenburry requests we "review [the trial court's] findings, dismiss the charges against [her] and a set a new trial." Generally, Falkenburry repeats the points made in her petition for post-conviction relief. Apparently referring to the dismissal of her Rule 32 proceeding, Falkenburry specifically challenges the trial court's findings that trial counsel, based on counsel's affidavit, was prepared to cross-examine the witness but chose not to for tactical reasons.[3] Falkenburry refers to counsel's decision to forego cross-examination, because, in counsel's opinion, cross-examination would not have been in Falkenburry's best interest. Based on the fact she was convicted, Falkenburry posits that counsel's rational is nonsensical. However, "[d]efense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *Valdez,* 160 Ariz. at 14, 770 P.2d at 318.

---

[3]       We note that the superior court judge who dismissed the Rule 32 proceedings was the same judge who presided over Falkenburry's trial. Accordingly, that judge was in a preferable position vis-à-vis this court to determine the veracity of counsel's avowals.

Consequently, the fact that Falkenburry was convicted does not by itself indicate trial counsel's ineffectiveness.

**¶6**        The trial court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). Therefore, we adopt the trial court's ruling and deny relief.

**¶7**        On review, Falkenburry does not challenge the trial court's denial of the IAC claim based on counsel's failure to argue a Rule 20 motion. Falkenburry has, therefore, abandoned that argument, and we do not address it. *See State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address argument not presented in petition).

**¶8**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA