NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TELLY ONTURIO BEASLEY, *Petitioner*.

No. 1 CA-CR 16-0095 PRPC

FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-007326-001
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Telly Onturio Beasley, Douglas
*Petitioner*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

B E E N E, Judge:

¶1            Telly Onturio Beasley ("Beasley") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            In 2013, a jury found Beasley guilty of four counts of forgery and one count of possession or use of marijuana. The superior court sentenced Beasley to concurrent one-year prison terms for the forgery convictions and imposed a one-year term of probation for the marijuana offense to commence upon Beasley's release. Beasley appealed, and this court affirmed in all respects. *See State v. Beasley*, 1 CA-CR 13-0592, 2014 WL 4649429, at *1 (Ariz. App. September 18, 2014) (mem. decision).

¶3            Thereafter, Beasley filed a timely notice of post-conviction relief. Beasley subsequently filed an amended notice and an amended petition for post-conviction relief. He raised the following claims: (1) abridgment of his right to be present at the grand jury proceedings, thereby depriving the superior court of subject matter jurisdiction; (2) speedy trial violation; (3) inadmissibility of trial evidence; (4) violation of his confrontation rights; (5) insufficient evidence and violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (6) erroneous jury instructions; (7) partiality of the jury; (8) erroneous court "rulings;" (9) prosecutorial misconduct; and (10) ineffective assistance of counsel ("IAC"). The superior court found the claims raised in Beasley's amended petition were precluded, except for the IAC claim, which the court determined was not colorable. The court summarily dismissed a claim of newly discovered evidence that Beasley raised for the first time in his reply. Beasley also raised a claim of ineffective assistance of appellate counsel for the first time in his reply.[1] The court dismissed the Rule 32 proceeding and subsequently denied Beasley's

---

[1]      In its dismissal order, the superior court did not address this claim.

motion for rehearing. This petition for review followed. We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶4** As an initial matter, the superior court correctly dismissed the claims Beasley raised for the first time in his reply because Beasley waived them. *See State v. Robinson,* 153 Ariz. 191, 199 (1987) ("We may affirm on any basis supported by the record."). "The rule that issues not clearly raised in the opening brief are waived serves to avoid surprising the parties by deciding their case on an issue they did not present and to prevent the court from deciding cases with no research assistance or analytical input from [both] parties." *State v. Lopez*, 223 Ariz. 238, 240, ¶ 6 (App. 2009) (internal quotation marks and citations omitted). This rule of waiver applies to Rule 32 proceedings. *Id.* at ¶ 7. A defendant may not amend a petition for post-conviction relief to raise new issues absent leave of the court upon a showing of good cause. Ariz. R. Crim. P. 32.6(d). Beasley improperly failed to seek the superior court's permission to raise new issues not presented in his amended petition.[2] Because Beasley has waived his arguments regarding newly discovered evidence and ineffective assistance of appellate counsel, we do not address them. *See Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005) ("[C]ompliance with Rule 32 is not a mere formality . . . [a petitioner must] "strictly comply" [with Rule 32 to be entitled to relief.]").

**¶5** Beasley argues the superior court erred in relying on preclusion to dismiss the claims in his amended petition that were not based on IAC. Beasley contends the burden was on the State to prove his claims were precluded, and the State failed to do so.

**¶6** Beasley is incorrect. Any claim that was or could have been raised on direct appeal or in an earlier post-conviction relief proceeding is precluded, except for claims raised under Rule 32.2(b). *See* Ariz. R. Crim. P. 32.2. Beasley's claims were, or could have been, raised in his direct appeal. For these, the petitioner must state in the notice of post-conviction relief why the claim was not raised before, and must set forth the specific exception provided in Rule 32. Ariz. R. Crim. P. 32.2(b); *see State v. Carriger*, 143 Ariz. 142, 146 (1984) ("It is the petitioner's burden to assert grounds that bring him within the provisions of the Rule in order to obtain relief."). Beasley's notice and amended notice failed to meet his burden. Again, Beasley was required to strictly comply with Rule 32. *See Canion*, 210 Ariz.

---

[2] We also note that nothing in the record indicates Beasley requested leave of the superior court to file his amended notice and petition.

at 600, ¶ 11. Because none of the exceptions under Rule 32.2(b) applied to the claims the trial court found were precluded, no abuse of discretion occurred.[3]

**¶7** Regarding Beasley's IAC claims, they were based on trial counsel's purported failure to: (1) argue Beasley's speedy trial rights were violated; (2) locate and subpoena defense witnesses; (3) investigate possible defenses; (4) adequately challenge the State's untimely disclosure of evidence; (5) properly explain the untimely filing of a motion to sever the offenses; (6) object to the admission of documents "present[ed] for hand-writing comparison evidence;" (7) sufficiently investigate expert testimony presented by a witness or witnesses for the State; (8) assert during opening statements that Beasley was not contesting the marijuana charge; (9) object to a jury instruction informing jurors that the State is not required to prove motive; and (10) to object to the State's attempts to shift the burden of proof.

**¶8** A claim of IAC is colorable if the petitioner shows both that trial counsel's performance was deficient under prevailing professional norms and that the deficient performance prejudiced him. *State v. Bennett,* 213 Ariz. 562, 567, ¶ 21 (2006); *see also Strickland v. Washington,* 466 U.S. 668, 688 (1984) ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

**¶9** "Defendants are not guaranteed perfect counsel, only competent counsel." *State v. Valdez,* 160 Ariz. 9, 15 (1989), *overruled on other grounds by Krone v. Hotham,* 181 Ariz. 364, 366–67 (1995). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and must make "every effort . . . to eliminate the distorting effects of hindsight[.]" *Strickland,* 466 U.S. at 689. Furthermore, "we must presume counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *State v. Denz,* 232 Ariz. 441, 444, ¶ 7 (App. 2013), *quoting Strickland,* 466 U.S. at 689. A petitioner bears the burden of overcoming this presumption. *State v. Gerlaugh*, 144 Ariz. 449, 455 (1985). Thus, "[d]isagreements as to trial strategy . . . will not support a claim of ineffective assistance of counsel as long as the challenged conduct could

---

[3] Moreover, contrary to Beasley's assertion otherwise, the State was not required to prove he intelligently, voluntarily, and knowingly waived these claims. Such a showing is required only in response to errors that are "of sufficient constitutional magnitude." Ariz. R. Crim. P. 32.2(a)(3) cmt. Beasley points to no authority supporting his conclusory assertion that his claims for relief rose to such a degree of significance.

have some reasoned basis." *State v. Meeker,* 143 Ariz. 256, 260 (1984). "Nor is every failure to object to an improper question, exhibit, or argument worthy of being called ineffective assistance of counsel." *Valdez,* 160 Ariz. at 15.

**¶10** Accordingly, a defendant's petition must raise "some factors that demonstrate that the attorney's representation fell below the prevailing objective standards." *State v. Borbon,* 146 Ariz. 392, 399 (1985); *see also State v. Santanna,* 153 Ariz. 147, 150 (1987) ("[p]roof of ineffectiveness must be to a demonstrable reality rather than a matter of speculation;" courts required to give effect to presumption of competence absent contrary evidence in "unsupplemented record"). Therefore, to state a colorable claim, "[t]he petitioner must offer some demonstration that the attorney's representation fell below that of the prevailing objective standards . . . [and] some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different." *State v. Rosario,* 195 Ariz. 264, 268, ¶ 23 (App. 1999) (citations omitted).

**¶11** Beasley did not raise a colorable claim of IAC because he did not provide the superior court with relevant evidentiary support establishing trial counsel's purported conduct fell below prevailing professional norms. *See* Ariz. R. Crim. P. 32.5 ("Affidavits, records, or other evidence currently available to the defendant supporting the allegations of the petition shall be attached to it.").

**¶12** Moreover, although Beasley cites authorities for general principles of law, he neither cites nor applies authorities concluding comparable conduct of counsel constituted ineffective assistance in the context of the specific claims of IAC Beasley raises. Beasley's unsupported assertions that counsel erred is insufficient to meet his burden of demonstrating the first *Strickland* requirement. *See State v. Donald,* 198 Ariz. 406, 414, ¶ 21 (App. 2000) (to warrant evidentiary hearing, Rule 32 claim "must consist of more than conclusory assertions").

**¶13** Finally, Beasley attempts to incorporate by reference issues and arguments raised in his petition for post-conviction relief, his reply, and his motion for rehearing. A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P.

32.9(c)(1)(ii) (petition must state "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review").

**¶14** Beasley fails to establish an abuse of the superior court's discretion in dismissing the Rule 32 proceeding; consequently, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA